IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDREW JAMES HIBBARD,

                Plaintiff,
v.                                                        OPINION and ORDER

CITY OF NEW RICHMOND, WI,                             25-cv-682-jdp
JAMES ZAJKOWSKI, and CRAIG YEHLIK,

                Defendants.

---

Plaintiff Andrew James Hibbard, proceeding without counsel, alleges that government officials retaliated against him for reporting an off-duty police officer's misconduct by charging Hibbard criminally and by thwarting his attempt to recall the mayor. The court has allowed Hibbard to proceed without prepayment of any portion of the filing fee. Dkt. 5.

The next step is for me to screen Hibbard's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Hibbard's current allegations do not properly state a claim for relief, but I will give him a chance to submit an amended complaint better explaining his claims.

ALLEGATIONS OF FACT

In early January 2025, Hibbard saw an off-duty police officer drink and drive. He reported it to the St. Croix County Sheriff's Department. He received a call back from the city

of New Richmond Police Department telling him to call back the following Monday. Neither law enforcement agency investigated Hibbard's allegation. Instead, Hibbard was told that he was the subject of an investigation. Hibbard was later charged with unidentified crimes. My review of online court records shows that he was charged with disorderly conduct and bail jumping around this time.[1] Those charges were later dismissed.

Hibbard later attempted to recall New Richmond Mayor James Zajkowski and had gathered enough signatures for that process, but Zajkowski and New Richmond Police Department chief Craig Yehlik "worked together to violate my rights . . . by violating [his] constitutional rights." Dkt. 1, at 3.

ANALYSIS

Hibbard contends that Zajkowski and Yehlik conspired against him by having him charged after he reported an off-duty police officer's drinking and driving, and by thwarting his attempt to recall Zajkowski. A claim that public officials retaliated in this way against a citizen for reporting wrongdoing by a police officer could state a claim for relief. But Hibbard's allegations do not comply with federal pleading standards.

Federal Rule of Civil Procedure 8(a) requires a pleading to "contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The primary purpose of Rule 8(a) is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (alteration adopted). And constitutional claims like

---

[1] Available at https://wcca.wicourts.gov.

Hibbard's require that a defendant have personal involvement in the constitutional violation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Hibbard's allegations don't meet these standards, because he doesn't explain how he knows that Zajkowski and Yehlik were involved in charging him criminally or in thwarting his recall effort. His vague allegations that they conspired with each other are not enough to support a claim. *See Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) ("mere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her [i]s not enough").

So I will dismiss Hibbard's complaint but I will give him a chance to file an amended complaint better explaining his claims. In doing so, Hibbard needs to explain what actions Zajkowski or Yehlik directly took to harm him. Or, if other officials harmed him, he needs to include them in the caption instead. If he does not know the identity of particular defendants, he may label them as John Doe No. 1, John Doe No. 2, and so on. The court has procedures by which he may make discovery requests to identify those defendants later in the case.

If Hibbard fails to submit an amended complaint by the deadline set below, I will dismiss the entire case for his failure to state a claim.

ORDER

IT IS ORDERED that:

1. Plaintiff's complaint is DISMISSED.

2. Plaintiff may have until October 14, 2025, to submit an amended complaint.

Entered September 22, 2025.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge